JOSEPH P. RUSSONIELLO, CSBN 44332
United States Attorney
JOANN M. SWANSON, CSBN 88143
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6915
    FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MEHRAN GHAFOORIAN SEDIGH, ) <br> ) <br>     Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> MICHAEL CHERTOFF, Secretary, ) <br> Homeland Security; EMILIO ) <br> GONZALES, USCIS Director; DAVID ) <br> STILL, District Director, DHS, ) <br> ) <br>     Defendants. ) <br> _____) | No. C 07-5468-CW <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS** <br><br> Date: April 24, 2008 <br> Time: 2:00 p.m. |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on April 24, 2008, at 2:00 p.m., or as soon thereafter as the parties may be heard, the defendants will bring for hearing a motion to dismiss this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The hearing will take place before the Honorable Claudia Wilken, in Courtroom 2, 1301 Clay Street, Oakland, California, 94612.

    This Motion is based on the discussion contained in the Motion, all pleadings, papers and files in this action, and such oral argument as may be presented at the hearing on the motion.

1  Dated: January 23, 2008                    Respectfully submitted,

2                                             JOSEPH P. RUSSONIELLO
                                              United States Attorney
3

4
                                                     /s/
5                                             EDWARD A. OLSEN
                                              Assistant United States Attorney
6                                             Attorneys for Defendants

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION TO DISMISS
C 07-5468-CW                                  2

## MOTION TO DISMISS

### I. INTRODUCTION

The plaintiff is a lawful permanent resident of the United States who filed an application for naturalization with the United States Citizenship and Immigration Services (USCIS) on August 31, 2006. On October 26, 2007, the plaintiff filed this action under 8 U.S.C. § 1447(b) and 8 U.S.C. § 1421(c), asking for a judicial determination of his naturalization application.

The defendants respectfully ask this Court to dismiss the plaintiff's action for the following reasons: (1) 8 U.S.C. § 1447(b) does confer subject matter jurisdiction on this Court because, under that statute, this Court only has jurisdiction when USCIS has failed to adjudicate an application for naturalization within 120 days of the applicant's examination, and, in this case, USCIS has not yet examined the plaintiff; and (2) 8 U.S.C. § 1421(c) does not confer subject matter jurisdiction on this Court because, under that statute, this Court has jurisdiction to review a denial of a naturalization application, and, in this case, USCIS has not denied the plaintiff's naturalization application.

### II. FACTS

The plaintiff is a native and citizen of Iran. Declaration of Janaki Rangaswamy ¶ 17. He became a lawful permanent resident of the United States on September 5, 2001. *Id*. He filed an application for naturalization with USCIS on August 31, 2006. *Id*. USCIS submitted a request to the FBI to perform a background security name check of the plaintiff on September 19, 2006. Rangaswamy Declaration ¶ 18. The FBI has not yet completed the plaintiff's name check. *Id*. The USCIS has not yet scheduled an interview of the plaintiff because the FBI has not yet completed the plaintiff's name check. Rangaswamy Declaration ¶¶ 18-20.

### III. ARGUMENT

A. 8 U.S.C. § 1447(b)

The plaintiff contends that this Court has jurisdiction pursuant to 8 U.S.C. § 1447(b). *See* Complaint ¶ 4. This contention lacks merit.

8 U.S.C. § 1447(b) provides:

If there is a failure to make a determination under section 1446 of this title before

  the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b).

  This Court lacks subject matter jurisdiction under 8 U.S.C. § 1447(b) because an examination of the plaintiff has not yet been conducted. *See* Rangaswamy Declaration ¶¶ 18-20. An examination of the plaintiff has not been conducted because the FBI has not yet completed the plaintiff's name check. *See* Rangaswamy Declaration ¶¶ 18-20; 8 C.F.R. § 335.2(b).[1] This Court would have jurisdiction under 8 U.S.C. § 1447(b) only if USCIS had examined the plaintiff, but failed to adjudicate the plaintiff's naturalization application within 120 days of the plaintiff's examination.

B. <u>8 U.S.C. § 1421(c)</u>

  The plaintiff also contends that this Court has jurisdiction pursuant to 8 U.S.C. § 1421(c). *See* Complaint ¶ 4. This contention lacks merit.

  8 U.S.C. § 1421(c) provides:

  A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of Title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

8 U.S.C. § 1421(c).

  This Court lacks subject matter jurisdiction under 8 U.S.C. § 1421(c) because USCIS has not denied the plaintiff's naturalization application.

---

[1] 8 C.F.R. § 335.2(b) provides, in relevant part: "The Service will notify applications for naturalization to appear before a Service officer for initial examination on the naturalization application <u>only</u> after the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed." (Emphasis added).

DEFENDANTS' MOTION TO DISMISS
C 07-5468-CW             4

## IV. CONCLUSION

For the reasons set forth above, the defendants respectfully ask this Court to dismiss the plaintiff's action for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

DATED: January 23, 2008

JOSEPH P. RUSSONIELLO
United States Attorney


/s/
EDWARD A. OLSEN
Assistant United States Attorney
Attorneys for Defendants