**JEFF GRIFFITHS, ESQ.**
**GANJOO LAW OFFICE**
**870 MARKET STREET, SUITE #340**
**SAN FRANCISCO, CA  94102**

**PHONE:** (415)495-3710; (408)975-0500
**FAX:** (415)495-3714; (408)975-0501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Mehran GHAFOORIAN SEDIGH ) | Civil # C07 5468 CW |
| ) | (CIS# A75-739-146) |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **PLAINTIFF'S OPPOSITION** |
| ) | **TO GOVERNMENT'S MOTION** |
| MICHAEL CHERTOFF, Secretary ) | **TO DISMISS** |
| Homeland Security; EMILIO ) | |
| GONZALEZ, USCIS Director; ) | Date:  May 9, 2008 |
| DAVID STILL, District Director, DHS. ) | Time:  2:00 p.m. |
| ) | |
| **Defendants.** ) | |
| ) | |

Plaintiff through Counsel files this opposition to Defendant's Motion to Dismiss for the following reasons.  Plaintiff filed for naturalization with USCIS on 8/31/2006.  Plaintiff informed Counsel that he received a fingerprint notice and submitted to immigration to be fingerprinted approximately 3 weeks ago.  To this date, plaintiff has not received a interview notice so that USCIS might determine eligibility, including testing his knowledge of U.S. history and civics.

Defendants submitted a Declaration by Janaki RANGASWAMY, Supervisory Adjudication Officer of the California Service Center and thoroughly detailed the processes and

1

guidelines to which USCIS adjudicates applications for naturalization.  As alleged in his declaration, Mr. Rangaswamy discusses the numerous security checks and FBI background procedures that his service center implements.  See paragraphs 4 through 14.  Plaintiff adopts and accepts the guidelines set out by USCIS and does not contest issues regarding national security.

    Mr. Rangaswamy erroneously declares in paragraph sixteen (16) that there are no staturory or regulatory time limits for the adjudication of N-400's (naturalization application).  However, 8 U.S.C. §1447(b) sets out time limits for adjudication of applications for naturalization within 120 days of his/her examination.  Although plaintiff, in this case, has not yet been examined by USCIS, plaintiff stipulates that the legislative intent of Congress was to set limits to the amount of time that an applicant's application should be processed, regardless of USCIS' current internal processing procedure.  Theoretically, any applicant who is a permanent resident seeking naturalization would wait indefinitely and with no recourse, simply because they had not yet received an interview date.  Only those applicants who had already received and passed the interview, pending FBI background checks, would have recourse.  8 U.S.C. § 1447(b) would become obsolete under USCIS' new procedures.  Normally applicants, such as the plaintiff, would have an interview and then USCIS would have 120 days to complete their background checks and final processing.  Now that USCIS has reversed the procedure, § 1447(b) would become obsolete and would provide an indefinite amount of time to adjudicate any N-400 application.

    Plaintiff only seeks uniformity in the processing of his application, along with all other applicants.  For whatever reason, USCIS, on average, schedules interviews for naturalization within 6-12 months of filing.  But for a select few, as with the plaintiff, that scheduling time is

increased.  Plaintiff strenuously opposes Mr. Rangaswamy's declaration in paragraph 16.  There are statutory time limits.  Although he does retain the rights and benefits of a permanent resident of the United States, he <u>is not</u> availed the same rights and privileges of a United States Citizen.  He is adversely affected from USCIS' delay.  He is restricted from travel.  He is deprived of the right to vote in upcoming elections and other employment opportunities.  He is deprived of any and all other rights that are guaranteed Constitutionally to any U.S. Citizen.

     Alternatively, plaintiff seeks and amends his complaint in the nature of Mandamus.  Plaintiff respectfully requests this court to order USCIS to schedule an interview for naturalization so that a minimal amount of progress might be made in the processing of his legitimate N-400 application.

     For the reasons set forth above, the plaintiff respectfully asks this Court to either deny defendants motion to dismiss and review plaintiff's application de novo and make its own findings of fact and conclusions of law.  Alternatively, plaintiff requests that this court issue an order to USCIS to process his application and schedule an interview in a timely manner, consistent with the legislative intent of timeframes statutorily implemented.

Respectfully Submitted,


_____

JEFF GRIFFITHS, ESQ.

April 18, 2008