JOSEPH P. RUSSONIELLO, CSBN 44332
United States Attorney
JOANN M. SWANSON, CSBN 88143
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6915
    FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MEHRAN GHAFOORIAN SEDIGH,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL CHERTOFF, Secretary,<br>Homeland Security; EMILIO<br>GONZALES, USCIS Director; DAVID<br>STILL, District Director, DHS,<br><br>    Defendants. | No. C 07-5468-CW<br><br>**DEFENDANTS' REPLY**<br><br>Date:  May 9, 2008<br>Time:  2:00 p.m. |

    The defendants hereby submit their reply to the plaintiff's opposition to the defendants' motion to dismiss.

**I. 8 U.S.C. § 1447(b)**

    8 U.S.C. § 1447(b) does not confer subject matter jurisdiction on this Court because, under that statute, this Court only has jurisdiction when USCIS has failed to adjudicate an application for naturalization within 120 days of the applicant's examination. In this case, USCIS has not yet examined the plaintiff. Contrary to the plaintiff's suggestion, 8 U.S.C. § 1447(b) does not specify a time frame within which the United States Citizenship and Immigration Services (USCIS) must adjudicate a naturalization application after the application is filed. Instead, it provides only that, if USCIS has not adjudicated a naturalization application within 120 days of when the applicant

DEFENDANTS' REPLY
C 07-5468-CW                                         1

was examined by USCIS, the applicant make seek an adjudication by the District Court of his or her naturalization application.

## II. 8 U.S.C. § 1421(c)

In his opposition to the government's motion to dismiss, the plaintiff has not responded to the government's argument that 8 U.S.C. § 1421(c) does not confer subject matter jurisdiction on this Court, apparently in recognition of the fact that under that statute, this Court only has jurisdiction to review a denial of a naturalization application, and, in this case, USCIS has not denied the plaintiff's naturalization application.

## III. Amendment of Complaint

In his opposition to the government's motion to dismiss, the plaintiff "seeks and amends his complaint in the nature of Mandamus . . . and requests this court to order USCIS to schedule an interview for naturalization so that a minimal amount of progress might be made in the processing of his legitimate [naturalization] application." Plaintiff's Opposition at 3. However, the plaintiff does not need this Court's approval to file an amended complaint. A party may amend his or her complaint once as a matter of course at any time before a responsive pleading is filed, and a motion to dismiss is not a responsive pleading within the meaning of Federal Rule of Civil Procedure 15(a). *See* Fed. R. Civ. P. 15(a); *Doe v. United States*, 58 F.3d 494, 496-7 (9th Cir. 1995). If the plaintiff wishes to amend his complaint to allege a mandamus claim (seeking an order from this Court directing USCIS to schedule an interview on his naturalization application), he is free to do so. If the plaintiff files an amended complaint, the defendants believe their motion to dismiss would be moot and, accordingly, would ask the Court to vacate the hearing on its motion to dismiss.

DATED: April 25, 2008

JOSEPH P. RUSSONIELLO
United States Attorney

/s/
EDWARD A. OLSEN
Assistant United States Attorney
Attorneys for Defendants

DEFENDANTS' REPLY
C 07-5468-CW                                    2