IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEHRAN GHAFOORIAN SEDIGH,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL CHERTOFF, Secretary, Homeland Security; EMILIO GONZALES, Director, USCIS; DAVID STILL, District Director, DHS,<br><br>    Defendants.<br>_____/ | No. C 07-5468 CW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

    Defendants Michael Chertoff, Emilio Gonzales and David Still move to dismiss this action for lack of subject matter jurisdiction. Plaintiff opposes those motions. The motion was submitted on the papers. Having considered the parties' papers, the Court grants Defendants' motion and dismisses the complaint without prejudice to refiling as a petition for a writ of mandamus consistent with the request stated in his opposition to the motion.

BACKGROUND

    Plaintiff is a native and citizen of Iran. On September 5, 2001, he became a lawful permanent resident of the United States. On or about August 31, 2006, Plaintiff filed with the United States

Citizenship and Immigration Services (USCIS) an N-400 application for naturalization. On September 19, 2006, the USCIS submitted Plaintiff's name to the Federal Bureau of Investigations (FBI) to perform a background security check. The FBI has not yet completed Plaintiff's name check. The USCIS has not scheduled an examination of Plaintiff's application because the name check has not been completed.

On October 26, 2007, Plaintiff filed his complaint in this case, seeking a declaration that he is entitled to be naturalized as a citizen of the United States.

## DISCUSSION

Before an individual may be naturalized, an employee of the USCIS or another federal employee identified by the Attorney General must conduct a "personal investigation" of the applicant. 8 U.S.C. § 1446(a). Part of the investigation is a hearing referred to as an "examination." 8 U.S.C. § 1446(b). The person designated to conduct such an examination is required to "make a determination as to whether the application should be granted or denied, with reasons therefor." 8 U.S.C. § 1446(d). The related regulations provide,

> The Service will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application only after the Service has received a definitive response from the Federal Bureau of Investigations that a full criminal background check of an applicant has been completed.

8 C.F.R. § 335.2(b).

Because the FBI has not yet completed Plaintiff's background check, Defendants have not scheduled Plaintiff's examination.

2

Therefore, Defendants argue that none of the sources of jurisdiction cited by Plaintiff apply to his case. Title 8, United States Code section 1447(b) only provides for jurisdiction in the district court "[i]f there is a failure to make a determination . . . before the end of the 120-day period after the date on which the examination is conducted." Section 1421(c) only provides that an individual may seek judicial review of the denial of his or her application for naturalization.[1]

In his opposition, Plaintiff counters that the 120-day deadline established by § 1447(b) for the adjudication of an application following the examination demonstrates that Defendants should not be able to delay indefinitely the processing of his application. Therefore, he argues that he is entitled to have the Court review his naturalization application de novo. In the alternative, Plaintiff seeks to amend his complaint to state a mandamus claim, requiring USCIS to schedule his examination.

The Court finds that there is no basis on which it can conduct a de novo review of Plaintiff's naturalization application. However, as stated in a number of cases related to the processing of I-485 applications for adjustment of status, the Court does have authority pursuant to the Mandamus Act and the Administrative Procedures Act to order the USCIS to process applications within a reasonable amount of time. See, e.g., Liang v. Chertoff, 2007 U.S.

---

[1] In his complaint, Plaintiff also cites United States v. Hovsepian, 359 F.3d 1144 (9th Cir. 2004). However, neither party addresses this case in its brief. Moreover, the Court finds that the case does not support Plaintiff's position that jurisdiction exists.

Dist. LEXIS 83151 (N.D. Cal.); Clayton v. Chertoff, 2007 U.S. Dist. LEXIS 76514 (N.D. Cal.); Yu v. Chertoff, 2007 U.S. Dist. LEXIS 45844 (N.D. Cal.); Quan v. Chertoff, 2007 U.S. Dist. LEXIS 44081 (N.D. Cal.); Baker v. Still, 2007 U.S. Dist. LEXIS 37648 (N.D. Cal.).

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss the complaint (Docket No. 9).  Within three weeks of the date of this order, Plaintiff may file an amended complaint in the form of a petition for a writ of mandamus.  Within five days of such filing, Defendants shall answer or move to dismiss the petition.  Within five days of Defendants' answer, Plaintiff may file a motion for judgment on the pleadings, to which Defendants shall respond within five days thereafter.  Any reply will be due within two days of the filing of Defendants' response.  The motion for judgment on the pleadings will be decided on the papers.  If, within three weeks of the date of this order, Plaintiff does not file an amended complaint, the case will be dismissed for failure to prosecute.

The hearing on Defendants' motion to dismiss and the case management conference scheduled for May 8, 2008 are hereby vacated. A case management conference will be held on June 24, 2008.

IT IS SO ORDERED.

Dated: 4/30/08

CLAUDIA WILKEN
United States District Judge