JOSEPH P. RUSSONIELLO, CSBN 44332
United States Attorney
JOANN M. SWANSON, CSBN 88143
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-6915
   FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MEHRAN GHAFOORIAN SEDIGH,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL CHERTOFF, Secretary, Homeland Security; EMILIO GONZALES, USCIS Director; DAVID STILL, District Director, DHS,<br><br>    Defendants. | No. C 07-5468-CW<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

**I. INTRODUCTION**

The defendants hereby submit their opposition to the plaintiff's motion for judgment on the pleadings.

**II. STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." In reviewing a motion for judgment on the pleadings, the court must construe "all material allegations of the non-moving party as contained in the pleadings as true, and [construe] the pleadings in the light most favorable to the [non-moving] party." *Doyle v. Raley's Inc.*, 158 F.3d 1012, 1014 (9th Cir. 1998). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the

pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc.v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

### III. DISCUSSION

As recognized by this Court in its Order Granting Defendants' Motion To Dismiss, before an individual may be naturalized, an employee of the United States Citizenship and Immigration Services (USCIS) or another federal employee identified by the Attorney General must conduct a "personal investigation" of the applicant. 8 U.S.C. § 1446(a). An examination of the applicant is then conducted. 8 U.S.C. § 1446(b). The related regulations provide:

> The Service will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application only after the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed.

8 C.F.R. § 335.2(b).

In this case, plaintiff filed his application for naturalization on August 31, 2006. *See* Plaintiff's Amended Complaint ¶ 6; Defendants' Answer ¶ 6. The Federal Bureau of Investigation (FBI) has not yet completed the plaintiff's background check. Declaration of Janaki Rangaswamy ¶ 20; Order Granting Defendants' Motion to Dismiss at 2. Because the FBI has not yet completed the plaintiff's background check, USCIS has not yet scheduled an examination of the plaintiff. *See* 8 C.F.R. § 335.2(b).

The defendants recognize that this Court has ruled that it has authority pursuant to the Mandamus Act and the Administrative Procedures Act to order the USCIS to process applications within a reasonable amount of time. Order Granting Defendants' Motion To Dismiss at 3-4.[1]

---

[1] Although the defendants recognize the Court's ruling, the defendants wish to direct the Court's attention to decisions from other jurisdictions holding to the contrary. *See, e.g., Mighri v. Gonzales*, No. 07-3624, 2007 WL 4463590, at *5 (E.D. Penn. Dec. 19, 2007) (finding the court lacked subject matter jurisdiction over plaintiff's claim that USCIS should schedule his naturalization interview); *Sinha v. Upchurch*, No. 07-CV-2274, 2007 WL 4322225, at *3-4 (N.D. Ohio Dec. 7, 2007) (finding that the duty to act on a naturalization application within a reasonable time does not commence until after USCIS receives a completed background check); *Dairi v. Chertoff*, 07-CV1014 JM (JMA), 2007 WL 3232503, at *2 (S.D. Cal. Nov. 1, 2007) (dismissing for lack of subject matter jurisdiction a mandamus action brought to compel

DEFENDANTS' OPPOSITION
C 07-5468-CW                    2

However, the plaintiff cannot establish that, as a matter of law, a naturalization application that has been pending for approximately one year and nine months has been unreasonably delayed. *See, e.g., Clayton v. Chertoff*, C-07-2781-CW, 2007 WL 2904049 (N.D. Cal. Oct. 1, 2007) (stating that "Courts in this district have found that, under normal circumstances, a delay of approximately two years due to an uncompleted FBI background check is unreasonable as a matter of law" but that "[t]he Court is not aware of any case in which a delay of [just over one year] has been found unreasonable as a matter of law.").

It should also be noted, that, on April 2, 2008, USCIS and the FBI announced a joint plan to eliminate the backlog of name checks pending with the FBI. *See* Attachment. The target milestones for processing name checks are as follows: in May 2008, process all name checks pending more than three years; in June 2008, process all name checks pending more than two years; in November 2008, process all name checks pending more than one year; in February 2009, process all name checks pending more than 180 days; in June 2009, process ninety-eight percent of all name checks within 30 days and process the remaining two percent within ninety days. *See id.*

### IV. CONCLUSION

For the reasons stated above, the defendants ask this Court to deny the plaintiff's motion for judgment on the pleadings.[2]

DATED:  May 13, 2008

JOSEPH P. RUSSONIELLO
United States Attorney

/s/
EDWARD A. OLSEN
Assistant United States Attorney
Attorneys for Defendants

---

adjudication of a naturalization application); *Badier v. Gonzales*, 475 F. Supp. 2d 1294, 1299 (N.D. Ga. 2006) (dismissing mandamus action for lack of subject matter jurisdiction where the plaintiff had not yet been interviewed).

[2]Plaintiff also seeks costs and attorney's fees. Plaintiff's Motion for Judgment on the Pleadings ¶ 6. This request is premature and the defendants reserve their right to argue the costs and attorney's fees issue at a later date if necessary.