1 **JEFF GRIFFITHS, ESQ.**
**GANJOO LAW OFFICE**
2 **870 MARKET STREET, SUITE 340**
**SAN FRANCISCO, CA  94102**
3
TELEPHONE:     (415) 495-3710; (408) 975-0500
4 FAX:                    (415) 495-3714; (408) 975-0501

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFONIA

| | |
|---|---|
| In the Matter of:              ) | Civil # C07 5468 CW |
|                                     ) | (CIS# A75-739-146) |
| Mehran GHAFOORIAN SEDIGH ) | |
|                                     ) | |
|      Plaintiff,                 ) | **PLAINTIFF'S REPLY TO** |
|                                     ) | **DEFENDANT'S OPPOSITION TO** |
|                                     ) | **JUDGMENT ON THE PLEADINGS** |
| Michael Chertoff, Secretary Homeland Security ) | **AND DOCUMENT 23** |
| Emilio Gonzales, USCIS Director  ) | |
| David Still, District Director, DHS ) | |
|                                     ) | |
|                                     ) | |
|      Defendants            ) | |
|                                     ) | |
| _____) | |

Plaintiff, by his Attorney of record, Jeff Griffiths, Esq., submits this reply to defendant's opposition to plaintiff's motion for judgment on the pleadings and response to the Judge's Order (Document 23).  Defendant acknowledges in their opposition to plaintiff's motion for judgment on the pleadings, that this court has the authority to order USCIS to process applications within a *reasonable amount of time*, and cites to *Clayton v. Chertoff*, C-07-2781-CW, 2007 WL 2904049 (N.D. Cal. Oct. 1, 2007).  Plaintiff's case has been pending for nearly one year and nine months AND is three months shy of case precedent (in *Clayton*), deciding that two years is an unreasonable amount of time.  Plaintiff stipulates that one year and nine months in pending status

1  with USCIS is an unreasonable amount of time and follows the same logic and legislative intent and
2  time limits established for purposes of plaintiff's original complaint under 8 USC 1447(b).  One year
3  and nine months is more than three times the time limits established under this Section 1447(b) - (120
4  days) and USCIS appears to be circumventing the applicability of this section by simply not
5  scheduling an N-400 interview.
6        Defendants stipulate that USCIS and the FBI announced a joint plan to eliminate the backlog
7  of name checks pending with the FBI on April 2, 2008.  Document 21-2 outlines the goals of this new
8  policy.  Although this action is encouraging, defendants seem to acknowledge that in cases such as
9  with the plaintiff, extensive delays are both common and unreasonable, and therefore, current
10 inefficiencies will no longer be tolerated.  Plaintiff has invested time and money with USCIS for
11 adequate processing of his N-400 application, but to no avail.  As a result, plaintiff filed this
12 complaint before this court so that he might seek relief through mandamus and order of this court.
13       With regards to Judge's Order (document 23) and under penalty of perjury, plaintiff's
14 complaint was originally filed on 10/26/2007 and Counsel entered his appearance *pro hac vice*.
15 Counsel's business address continues to be:  Ganjoo Law Office, 870 Market Street, Suite #340, San
16 Francisco, CA  94102.  Counsel does not intend to produce any evidence that he is a member of the
17 California Bar since such claims were never alleged nor are true.  Counsel is a member of the
18 Supreme Court of Indiana Bar and therefore entered his appearance before this court on the condition
19 that Counsel qualified for and was granted admission.  Application was granted on 10/30/2007.
20 Pursuant to Civil L.R. 11-3, cocounsel, Reem Azzghayer, was named in paragraph 3 of the
21 application and was active, however, subsequent to 10/30/2007 she unfortunately became ill.
22 If this court requires replacement of cocounsel, this office will accommodate the court with new
23 cocounsel.  Lastly, Counsel intends not to file any additional complaints before this court in the
24 near future due to inconsistencies in granting or denying applications *pro hac vice*.  Also, Counsel
25 has in good faith submitted such applications with the understanding that he is not required to be a
26 member of the California Bar.  Mr. Sedigh may be contacted by mail at 870 Market Street, Suite

#340, San Francisco, CA 94102 and any future filings will be conducted by cocounsel who has already been admitted to the California Bar. Counsel has made all of the foregoing representations to his client, Mr. Sedigh, under penalty of perjury, and Mr. Sedigh has been fully informed by Counsel throughout these proceedings.

WHEREFORE, Plaintiff prays that this Court will order USCIS to schedule an N-400 interview and that this Court will grant further relief as may be just, lawful and equitable to the premises including court costs and reasonable attorney fees due to unreasonable delay of his application.

Respectfully Submitted,

_____
JEFF GRIFFITHS, ESQ.
Attorney for Plaintiff

May 15, 2008