IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEHRAN GHAFOORIAN SEDIGH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL CHERTOFF, Secretary, Homeland Security; EMILIO GONZALES, Director, USCIS; DAVID STILL, District Director, DHS,<br><br>　　　　Defendants.<br>_____/ | No. C 07-5468 CW<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS |

　　Plaintiff Mehran Sedigh has filed a motion for judgment on the pleadings on his claim for an order compelling Defendants to adjudicate his naturalization application. Defendants oppose Plaintiff's motion. The matter was submitted on the papers. Having considered the parties' papers, the Court grants Plaintiff's motion for judgment on the pleadings.

                            BACKGROUND

　　Plaintiff is a native and citizen of Iran. On September 5,

2001, he became a lawful permanent resident of the United States. On or about August 31, 2006, Plaintiff filed with the United States Citizenship and Immigration Services (USCIS) an N-400 application for naturalization. On September 19, 2006, the USCIS submitted Plaintiff's name to the Federal Bureau of Investigation (FBI) to perform a background security check. The FBI has not yet completed Plaintiff's name check. The USCIS has not scheduled an examination of Plaintiff's application because the name check has not been completed.

On October 26, 2007, Plaintiff filed his complaint in this case, seeking a declaration that he is entitled to be naturalized as a citizen of the United States. On April 30, 2008, the Court granted Defendants' motion to dismiss for failure to state a claim and granted Plaintiff leave to amend. On May 2, 2008, Plaintiff filed an amended complaint in the form of a petition for a writ of mandamus.

## LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure provides, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).

## DISCUSSION

As stated in the Court's earlier order, before an individual

2

may be naturalized, an employee of the USCIS or another federal employee identified by the Attorney General must conduct a "personal investigation" of the applicant. 8 U.S.C. § 1446(a). Part of the investigation is a hearing referred to as an "examination." 8 U.S.C. § 1446(b). The person designated to conduct such an examination is required to "make a determination as to whether the application should be granted or denied, with reasons therefor." 8 U.S.C. § 1446(d). The related regulations provide,

> The Service will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application only after the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed.

8 C.F.R. § 335.2(b).

Because the FBI has not yet completed Plaintiff's background check, Defendants have not scheduled Plaintiff's examination. Plaintiff now seeks judgment on the pleadings based on his amended complaint in the form of a petition for a writ of mandamus.

Defendants concede that a number of cases related to the processing of I-485 applications for adjustment of status have found that courts have the authority pursuant to the Mandamus Act and the Administrative Procedures Act to order the USCIS to process applications within a reasonable amount of time. See, e.g., Liang v. Chertoff, 2007 U.S. Dist. LEXIS 83151 (N.D. Cal.); Clayton v. Chertoff, 2007 U.S. Dist. LEXIS 76514 (N.D. Cal.); Yu v. Chertoff, 2007 U.S. Dist. LEXIS 45844 (N.D. Cal.); Quan v. Chertoff, 2007 U.S. Dist. LEXIS 44081 (N.D. Cal.); Baker v. Still, 2007 U.S. Dist.

3

LEXIS 37648 (N.D. Cal.).

However, Defendants argue that, in this case, the delay related to Plaintiff's application for naturalization is not unreasonable. It has now been one year and almost ten months since Plaintiff filed his application. This Court has previously observed, "Courts in this district have found that, under normal circumstances, a delay of approximately two years due to an uncompleted FBI background check is unreasonable as a matter of law." Clayton, 2007 U.S. Dist. LEXIS 76514, at *15 (citing Dong v. Chertoff, 513 F. Supp. 2d 1158 (N.D. Cal. 2007); Huang v. Chertoff, 2007 U.S. Dist. LEXIS 48330 (N.D. Cal.)). As stated in Clayton, the Court "is not aware of any case in which a delay of [just over one year] has been found unreasonable as a matter of law." 2007 U.S. Dist. LEXIS 76514, at *17. Plaintiff's application has been pending for close to two years.

Defendants also argue that, on April 2, 2008, the USCIS and the FBI announced a "joint plan to eliminate the backlog of name checks pending with the FBI." Opposition at 3. If the USCIS and the FBI meet its "target milestones" under this plan, Plaintiff's name check will not be completed until November, 2008, over two years after he filed his application. At that time the USCIS will still need to schedule an initial examination of Plaintiff's application. Defendants essentially concede that, absent a court order, they will not process Plaintiff's application before two years have passed. Accordingly, judgment on the pleadings at this time is appropriate, so that the decision is not delayed for an unreasonable time.

4

CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for judgment on the pleadings (Docket No. 20). Defendants are ordered to request that the FBI expedite Mr. Sedigh's background check and to complete their adjudication of his N-400 application expeditiously. Judgment for Plaintiff shall enter accordingly.[1]

The case management conference scheduled for June 24, 2008 is hereby vacated.

IT IS SO ORDERED.

Dated: 6/23/08

CLAUDIA WILKEN
United States District Judge

---

[1] Plaintiff's motion for judgment on the pleadings states, "Plaintiff seeks court costs ($350) and attorney fees ($2210) as he has exhausted all administrative remedies." Motion at ¶ 6. Any such request must be filed in a separately noticed motion, supported by authority and sworn declarations attaching itemized bills and receipts.